**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN M. BANDA, JR., | : | |
| | : | Civil Action No. 05-2622 (WJM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| N.J. DEPT. OF MENTAL HEALTH SERVICES, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    JOHN M. BANDA, JR., Plaintiff pro se
    Resident ID # 351
    P.O. Box 905
    Avenel, New Jersey 07001

**MARTINI**, District Judge

    Plaintiff John M. Banda, Jr. ("Banda"), a civilly-committed person[1] currently confined at the Special Treatment Unit Annex ("STU Annex") at Avenel, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence with respect to recently filed applications for in forma pauperis status with this Court, the Court will grant Banda's application to proceed in forma pauperis

---

    [1] Banda is a civilly-committed person pursuant to an order of involuntary commitment under the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-21.1, et seq.

pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons stated below, the Court finds that the Complaint should be dismissed.

## I.   BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Banda alleges that the named defendants violated his civil rights in the following manner: (1) New Jersey Department of Human Services ("NJDHS") for "allowing the malpractice and professional misconduct to proceed in their department"; (2) New Jersey Department of Mental Health Services ("NJMHS") for "allowing the malpractice, deliberate mis-diagnosis, professional misconduct to proceed in their department"; (3) STU Annex for allowing the malpractice, deliberate mis-diagnosis, professional misconduct to proceed in their facility; (4) Alicia A. Caputo, clinical psychologist at the STU/Northern Regional Unit ("NRU") in Kearny, New Jersey, and a member of the Treatment Progress Review Committee, for agreeing with the deliberate mis-diagnosis, false allegations, altered reports and groundless theories and

opinions as set forth in Banda's annual review; (5) Gregory Gambone, clinical psychologist at STU/NRU, and a Treatment Progress Review Committee member, for intentionally altering reports, misleading investigations, and mis-diagnosing plaintiff, and for agreeing with the annual review report which contained fraudulent allegations; (6) Manuel Isek, clinical psychologist at STU/NRU and a Treatment Progress Review Committee member (same as above); (7) Eleni Marcantonis, clinical psychologist at STU/NRU (same as above); (8) Thomas Schattner, clinical psychologist at STU/NRU (same as above); (9) Michael R. McAllister, psychiatrist at STU/NRU (same as above); (10) Deon Bullard, assistant social worker supervisor at the STU Annex in Avenel (same as above); (11) Carole Lester, clinical psychologist at the STU Annex in Avenel (same as above); (12) Benjamin Liberatore, psychologist at STU/NRU (same as above); (13) Luis Zeiguer, clinical psychologist at STU/NRU (same as above); (14) Ronald "Rusty" Reeves, clinical psychologist at the Hydrangea Hill Psychiatric Associates, Inc., in South Orange, New Jersey (same as above); and (15) Herbert Kaldani, psychologist at STU/NRU (same as above).  (Complaint, Caption, ¶¶ 5(b), 5(c)).

Banda complains that, on April 25, 2005, he received his annual review report from defendant Carole Lester, at the STU Annex in Avenel, which contains altered and false allegations, "trumped-up" and groundless theories and opinions based on

deliberate mis-diagnoses, misleading investigations, hearsay, and non-sex related crimes.  Banda contests numerous factual allegations about his family history, statements and evidence reviewed, his criminal convictions, and the theories and opinions relied upon by the members of the Treatment Progress Review Committee as discussed in the annual review report.  He contends that he was not convicted of a sex offense and therefore should not be committed under the SVPA as a convicted sex offender.  (Compl., ¶¶ 8.1-53).  In short, Banda challenges his civil commitment.  He seeks release from commitment without any restrictions, an expungement of his convictions record, and over $310 million in damages.  (Compl., ¶ 9).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim, but lacked sufficient detail to function as a guide to discovery, was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

Banda's § 1983 claim essentially alleges that he was involuntarily committed under the SVPA, in violation of his civil rights based on false information and reports, non-sex related convictions, and deliberate mis-diagnoses by defendants. Banda seeks both monetary damages and release from his involuntary commitment based on the above-referenced challenges to his commitment. In this regard, Banda's action is not cognizable

under § 1983, but instead, should be raised in a habeas proceeding.

In a series of cases beginning with <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Id.</u> at 500.

This same analysis applies to those involuntarily committed in state mental institutions as well as to criminal prisoners. <u>See</u> <u>Brock v. Weston</u>, 31 F.3d 887 (9th Cir. 1994); <u>Souder v. McGuire</u>, 516 F.2d 820, 823 (3d Cir. 1975)("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution"); <u>see</u>

also Buthy v. Com'r of Office of Mental Health of New York State, 818 F.2d 1046, 1051-52 (2d Cir. 1987); Greist v. Norristown State Hospital, No.CIV.A. 96-CV-8495, 1997 WL 661097 (E.D.Pa. Oct. 22, 1997), aff'd, 156 F.3d 1224 (3d Cir.), cert. denied, 525 U.S. 1057 (1998). Thus, Banda can challenge the fact of his involuntary commitment, as opposed to the conditions of his confinement, only by petitioning for a writ of habeas corpus and after exhausting his state court remedies as required by 28 U.S.C. § 2254.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

8

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90. <u>See</u> <u>also</u> <u>Wilkinson v. Dotson</u>, __ U.S. __, 125 S.Ct. 1242, 1248 (2005)(success on such claims would necessarily imply the invalidity of the plaintiff's confinement and is therefore not cognizable in a § 1983 action); <u>Donaghe v. Gollogly</u>, 59 Fed. Appx. 991, 2003 WL 1499602 (9th Cir. Mar. 21, 2003)(unpubl.) (stating that <u>Heck</u> applies to persons involuntarily committed); <u>Harris v. Beadle</u>, 2004 WL 524464 (D.Neb. Mar. 16, 2004)(unpubl.)(same); <u>Flowers v. Leean</u>, 2000 WL 34233691 (W.D.Wis. Dec. 2, 2000)(unpubl.)(same).

Banda's claim for compensatory damages against the named defendants at the STU/NRU and the STU Annex where he was, and is, involuntarily committed, presents the type of claim addressed in Heck; that is, a finding that Banda's current confinement is the result of an allegedly improper application of commitment criteria based on allegedly false information, mis-diagnoses, and non-sex related conviction, by the defendant psychiatrists and psychologists would necessarily imply the invalidity of his commitment. As Banda does not contend that his involuntary commitment has been invalidated, his claim for damages has not yet accrued. Therefore, the Complaint will be dismissed without prejudice.[2] See Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996)(dismissal pursuant to Heck should be without prejudice to the plaintiff bringing a § 1983 action if he is ultimately successful in invalidating his civil commitment).

B.  Claims Against NJDHS, NJMHS, and NJ STU-Annex

Additionally, Banda's claims against the NJDHS, NJMHS, and NJ STU-Annex are subject to dismissal because a suit for damages against a State in federal court is barred by the Eleventh

---

[2] The Court notes that Banda has filed two, somewhat similar lawsuits challenging his involuntary commitment under the SVPA, although the named defendants have differed in the earlier actions. See Banda v. State of New Jersey, et al., Civil No. 04-5632 (AET)(dismissed on December 17, 2004). The dismissal was affirmed by the United States Court of Appeals for the Third Circuit on June 7, 2005. See also Banda v. N.J. Special Treatment Annex, et al., Civil No. 05-2078 (WJM)(pending).

Amendment. Indeed, the Eleventh Amendment[3] protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 64, 70-71 and n.10 (1989); <u>Grabow v. Southern State Correctional Facility</u>, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983). Thus, all damages claims asserted by Banda against the state agencies and those

---

[3] The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."
    As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. <u>See</u>, <u>e.g.</u>, <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974).

11

state officers or agents acting in their official capacities must be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## V. CONCLUSION

For the reasons set forth above, the Complaint must be dismissed without prejudice as premature and for failing to state a claim. However, the state agencies named as defendants are immune from suit under the Eleventh Amendment, so the Complaint will be dismissed with prejudice as against them pursuant to 28 U.S.C. § 1915(E)(2)(b)(ii). It does not appear that Banda could amend the Complaint to state a claim at this time.


                                        s/William J. Martini
                                        _____
                                        WILLIAM J. MARTINI
                                        United States District Judge
Dated: 8/31/05